HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. JOHN O. CLUCK.

No. 1436.    Decided June 12, 1905.

**Charge—Negligence—Dangerous Premises—Time to Repair.**

Where the charge submitted the issue whether defendant was negligent in failing to replace the covering of a well washed away in a flood before plaintiff was injured by falling into it, there was no error in refusing a requested instruction relieving from liability if it had not had a reasonable time to do so, there being no evidence rendering such instruction specially pertinent. (Pp. 132, 133.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Cluck sued the railroad company, which appealed from a judgment for plaintiff, and on affirmance obtained writ of error.

*S. R. Fisher* and *J. H. Tallichet,* for plaintiff in error. (*Baker, Botts, Parker & Garwood,* of counsel.)—To entitle the plaintiff to recover herein it was essential that he establish by a preponderance of the evidence: (1) That the Austin & Northwestern Railroad Company, after having had a reasonable time within which to cover the spring or well into which plaintiff is alleged to have fallen, failed to cover said well or spring; and that a reasonably prudent person under the same circumstances would, within such reasonable time, have covered said well or spring; (2) that plaintiff's injuries, if any, were the direct and proximate result of said negligence, if the jury should find that it was negligence of defendant; and (3) that plaintiff was not guilty of any want of ordinary care which directly and proximately contributed to his injuries, if any.

The evidence disclosing that the top or cover to the well was washed off in a great flood and unprecedented rainfall, the defendant, the Austin & Northwestern Railroad Company, was entitled to a reasonable time, prior to the injuries sustained by plaintiff, within which to cover or fence the same, and the jury should have been so instructed and further advised that if, prior to the injuries sustained by plaintiff, such reasonable time within which to cover or fence the well had not elapsed, plaintiff could not recover.

Defendant at most only rested under the duty of exercising ordinary care, that is, such care as an ordinarily prudent person would have exercised under the same circumstances to protect the plaintiff from being injured by the well, and the jury should have been instructed as requested that, if they believed from the evidence, under all the circumstances of this case, an ordinarily prudent person would have left uncovered the well from the time said cover was washed off until the time when the plaintiff fell into the well, to return a verdict for the defendant.

*John Dowell,* for defendant in error.—We think the general charge of the court covers the special charges asked by appellant and refused

by the court, and presented in the third assignment of error, and being the one upon which the application for writ of error was granted.

There is no evidence in the record in this case offered by appellant or any one else that required the giving of these charges. And, in the absence of evidence, it was not error to refuse them. Appellants should have proven facts that required the giving of these charges. There was no evidence that appellant had used ordinary care or any degree of care in replacing the top on the well, and no attempt made to prove the special plea of appellants which set up that fact.

Not only did appellants not offer any evidence to show that they used ordinary and reasonable care in fixing the well and replacing the top on it after it was washed out, but on the other hand, the testimony showed they were guilty of the grossest carelessness in not doing so.

Appellants offered no evidence to show why the well was not repaired when the pump house was fixed on the 8th of April, the day after the accident, nor why it was left open and uncovered so long, nor that they fixed it as soon as they could do so consistent with ordinary care in connection with other repairs, if any, on the railroad. All of this is left blank and with this damaging and direct testimony against them of gross carelessness and negligence in repairing the danger therefrom. We submit that the special charges asked were not only without evidence to warrant their giving, but directly against the undisputed evidence and were properly refused.

It is not even believed that abstract error exists here. The law of this case, according to the pleadings and facts, was properly given in charge to the jury. Appellants got in the general charge of the court all they were entitled to on the question of reasonable and ordinary care in repairing the well.

BROWN, Associate Justice.—In April, 1900, the Austin & Northwestern Railroad Company owned and operated a line of railroad through Williamson County, by and near to a spring or well upon a tract of land which belonged to George W. Cluck. Under contract with Cluck, the railroad company dug out the spring in order to form a basin from which to supply water to its trains and for other purposes, and placed upon the well thus dug a substantial covering which rendered it safe against any person getting into it; and also constructed near by a pump house, and placed pipes to connect the pump with the well to raise the water to a tank from which its engines were supplied. George W. Cluck lived upon a farm near to the well and there was on the farm and beyond the well from his residence, a gulley which the family used for private purposes. A path led from the residence by the spring to the gulley which was traveled by the members of the family and visitors in going to and from the gulley, which was known to the railroad company. On April 6, 1900, a very heavy rain fell in that section, which caused a small creek near by to overflow its banks and to wash the covering off of the well carrying it about one hundred yards distant. The pump house was also moved and the pipes connecting the pump with the well were broken. Within a day or two thereafter employes of the railroad company restored the house to its former

position and connected the pipes of the pump with the well so that it might be used, but did not place any covering over the well, nor erect any fence or guard of any kind to prevent persons passing thereby from falling into the well. John O. Cluck is a son of G. W. Cluck, and was raised upon the farm. He was accustomed to travel the path by the spring to the gulley and return. At the date named he was a married man, living some miles from his father's house; but on the evening of the 11th of April, 1900, he came to his father's house after dark, and having a call to repair to the gulley was on his return to the house, walking along the path when, to avoid the mud, he stepped outside of the path, at which time a cat sprang out suddenly startling him so that he stepped still further away from the path and thereby fell into the well. He received serious injuries which the evidence tended to show were permanent, and were such as to justify the verdict.

This suit was instituted against the Austin & Northwestern Railroad Company, but, during its pendency, that railroad was purchased by the Houston & Texas Central Railroad Company, under authority of a law of the Legislature, after which the latter company was made a party defendant to this suit. No question is made as to the liability of the Houston & Texas Central Railroad, if the Austin & Northwestern Railroad Company is liable to the plaintiff in damages. Upon a trial before a jury in the district court, judgment was rendered for Cluck against the railroad company, which was affirmed by the Court of Civil Appeals.

The writ of error was granted in this case because we were of the opinion that the trial court erred in refusing to give to the jury the following charge requested by the plaintiff in error: "You are instructed that if you believe from the evidence that the defendant, the Austin & Northwestern Railroad Company, after the cover of the well or spring had been washed off, did not have a reasonable time to cover or fence the same before the plaintiff sustained the injuries, if any, of which he complains, you will return a verdict for the defendants." In the general charge given to the jury the court instructed them as follows: "If you further believe that the said railroad company in permitting the said well to be and remain without any cover over the same and without any fence surrounding the same, was guilty of negligence as the term negligence has been hereinbefore defined to you, and that such negligence (if you find there was such) was the proximate cause of the plaintiff's injuries (if you find he was injured), then you will find for the plaintiff and assess his damages in accordance with the instruction hereafter given you; but unless you so find from a preponderance of the evidence, you will return a verdict for the defendants." That charge submitted to the jury the question of the negligence of the Austin & Northwestern Railroad Company in permitting the spring to remain uncovered or unfenced, and under that charge the jury were authorized to consider all of the facts and circumstances, and to determine whether the railroad company had sufficient time to have restored the well to its former condition or not. The jury were instructed to find for the defendants if they did not find that the Austin & Northwestern Railroad Company was guilty of negligence in permitting the well to remain uncovered and unfenced. There was no evidence to support the charge asked

and refused; the only fact that should be considered as tending to excuse the delay is the statement of one witness that all the bridges of the railroad company were in bad shape; but the condition of the bridges did not necessitate a delay in repairing the damage done to the well. The undisputed evidence affirmatively shows that before plaintiff was injured the employes of the railroad company replaced the pump house and repaired the pipes of the pump so that the well could be used. These facts show that the railroad company had notice of the condition of the well, and had the opportunity and ability to repair it before the injury was inflicted but failed to do so. It would have required but little time to place some kind of guard between the pathway and the uncovered well, or to place some kind of protection over the well, which would have been sufficient for the time being until the covering could be restored to its place. There being no evidence before the jury which required the court to give the charge requested by the railroad company, it was not error to refuse it.

We have examined each of the twenty-nine assignments of error set out in the application, and find no reason for disturbing the judgment of the trial court. It is therefore ordered that the judgments of the district court and Court of Civil Appeals be in all things affirmed.

*Affirmed.*